HARRIS, Judge.
Appellant, Eddie Fullwood, timely appeals from an order denying his motion to set aside default judgment.
On September 13, 1993, a warrant was issued for appellant, charging him with trafficking in cocaine. On September 21, 1993, The Osceola County Investigative Bureau (OCIB) executed a search warrant and searched appellant’s trailer located in Kis-simmee. During the search, deputies seized $25,369 in U.S. currency. A “Notice of Seizure” was issued to appellant advising him of his right to a post-seizure adversarial hearing. Appellant signed a statement on the notice which provides:
I hereby certify that I have received the foregoing Notice of Seizure apprising me of my rights to a post-seizure adversarial hearing.
On September 28, 1993, appellant’s attorney in the forfeiture action, J. Edwin Mills, filed a Petition for Probable Cause Hearing. A hearing was conducted on October 5,1993.[1] The sheriffs office was represented by counsel; appellant was represented by Attorney Mills. At the time of the hearing, the sheriff had not yet filed a forfeiture complaint, nor did the clerk of the court have a court file or case number for the matter. No immediate ruling was made at this hearing.
Subsequently, OCIB filed a complaint for forfeiture. The complaint does not contain a certificate of service showing that a copy was sent to appellant. The trial court rendered an order finding probable cause on November 12, 1993. This order states as follows:
THIS CAUSE having come before the court upon request of the claimant, Eddie James Fullwood, for an adversarial preliminary hearing to determine probable cause for the seizure of property that is the subject of this forfeiture action, and alternatively for return of property pending final judgment in the forfeiture action. The court having considered the pleadings, heard the testimony of Agent Jeff Alpern of the Osceola County Investigative Bureau/Osceola County Sheriff Office, having *615 heard argument of counsel and being otherwise fully informed in the premises, the court hereby finds as follows:
1. Based upon the language contained in the Florida Contraband Forfeiture Art, Sections 932.701 through 932.707, Florida Statutes, the court finds that the burden upon the petitioner at this stage of the proceedings is to establish probable cause that the property sought to be forfeited was used or attempted to be used in the commission of a felony, and the court expressly finds that the Petitioner has established that probable cause existed for the seizure of property sought to be [forfeited] in this action and that sufficient probable cause exists to maintain the instant forfeiture action.
2. Claimant’s motion for return of the property pending final judgment or other disposition of the forfeiture action is denied.
The court’s order does not reflect service of a copy of this order on appellant or his counsel.
Sometime later, OCIB filed a motion for default. A Notice of Forfeiture was attached to the motion, showing that the notice was published in the Orlando Sentinel. The court entered a default final order of forfeiture which states:
After hearing held on October 5, 1993, on the Complaint filed by Osceola County Investigative Bureau/Osceola County Sheriffs Office, and the property subject to action being: $25,279.00 currency and the Clerk having entered a Default against the Claimant, EDDIE JAMES FULLWOOD[2], it is
ORDERED AND ADJUDGED:
1. That the above-described property is hereby forfeited to the use of Osceola County Investigative Bureau/Osceola County Sheriffs Office.
2. That the Agency’s right and interest in and title to the described property is perfected nunc pro tunc 9-21-93. [Emphasis added.]
In the criminal matter, the currency was listed as evidence the state intended to use against appellant. However, after the trial court entered an order suppressing such evidence, appellant’s attempt to have the money restored to him revealed the forfeiture complaint and default judgment.
Attorney Mills filed a motion to set aside the default judgment, alleging the following as grounds:
7. That during the week of September 12, 1994, the undersigned learned from Eddie Fullwood’s counsel in the criminal case that the forfeiture case had proceeded to final judgment without the knowledge of the undersigned.
8. That on September 22, 1994, the undersigned examined the court file in this matter and learned:
a) That there was no summons filed or served on Eddie Fullwood or his attorney;
b) That there is no indication that the Complaint filed herein was ever served on Eddie Fullwood or his attorney:
c) That notwithstanding the fact that the undersigned had filed paper or pleading herein, the Sheriff of Osceola County filed his motion .for Default Judgment without notice to Eddie Full-wood or the undersigned and obtained his Default Judgment ex parte. See Gulf Maintenance and Supply, Inc. v. Barnett Bank of Tallahassee, 543 So.2d 813 (1st DCA 1989).
9. That Eddie Fullwood has a meritorious defense to the forfeiture action as the execution of the search warrant referred to in paragraphs 1 and 2, above, was done in violation of Eddie Fullwood’s rights under the Fourth Amendment, United States Constitution; Article I, Section 12, Florida Constitution; and Chapter 933, Florida Statutes, as evidence by the Order of Suppression entered by the Honorable Gary L. Formet in the criminal case number CR93-1737.
10. That the entry of the Default Judgment, ex parte, without notice to Eddie Fullwood, violates his right to due process under the United States Constitution and Florida Constitution.
*616 11. That Eddie Fullwood is entitled to relief from the Default Judgment entered herein as said Judgment was obtained by fraud, misrepresentation and misconduct on the part of the adverse Party and said Judgment is void.
12. That the undersigned has proceeded with all due diligence in this matter.
OCIB responded with a memorandum of law in opposition to appellant’s motion and also attached a notice of forfeiture proceedings which states:
TO: EDDIE JAMES FULLWOOD and ALL PERSONS who claim an interest in $25,279.00 U.S. Currency, which was seized on or about September 21, 1993 at or near 2529 Sunset Drive, Lot #29, in Kissimmee, Osceola County, Florida. Said property is in the custody of the Osceola County Investigative Bureau/Osceola County Sheriff Office. Any owner, entity, bonafide lienholder, or person in possession of the property when seized has the right to request an adversarial preliminary hearing for a probable cause determination from the circuit court within 15 days of initial receipt of notice, with proper notice to the undersigned counsel. A complaint for forfeiture has been filed in the above-styled court.
This notice does not contain a certificate of service, is not dated, and does not appear to have been filed in the court file.
A hearing was conducted on the motion to set aside default; the trial court denied appellant’s motion. We reverse.
The applicable statute governing forfeiture proceedings, section 932.704, Florida Statutes (1993), provides:
§ 932.704 Forfeiture proceedings.—
(4) The seizing agency shall promptly proceed against the contraband article by filing a complaint in the circuit court within the jurisdiction where the seizure or the offense occurred.
* * * ⅜ * *
(5)(c) The court shall require any claimant who desires to contest the forfeiture to file and serve upon the attorney representing the seizing agency any responsive pleadings and affirmative defenses within 20 days after receipt of the complaint and probable cause finding.
(6)(a) If the property is required by law to be titled or registered, or if the owner of the property is known in fact to the seizing agency, or if the seized property is subject to a perfected security interest in accordance with the Uniform Commercial Code, chapter 679, the attorney for the seizing agency shall serve notice of the forfeiture complaint by certified mail, return receipt requested, to each person having such security interest in the property. The seizing agency shall also publish, in accordance with chapter 50, notice of the forfeiture complaint twice each week for 2 consecutive weeks in a newspaper of general circulation, as defined in s. 165.031, in the county where the seizure occurred. [Emphasis added.]
* * * * * ⅜:
(c) The seizing agency shall be obligated to make a diligent search and inquiry as to the owner of the subject property, and if, after such diligent search and inquiry, the seizing agency is unable to ascertain any person entitled to notice, the actual notice requirements by mail shall not be applicable.
Although OCIB published notice, it completely failed to comply with the statutory mandate to provide actual notice of the forfeiture complaint by certified mail to appellant or his attorney. Nothing in the record indicates that appellant ever received a copy of the complaint, notice of the complaint, the court’s order of probable cause, OCIB’s request for a default, or the final order of forfeiture.
This cause is reversed with directions to withdraw the default judgment, require a copy of the forfeiture complaint be provided appellant according to law, permit appellant to respond to the complaint, and conduct such hearings on the complaint as are appropriate.
REVERSED and REMANDED.
DAUKSCH and W. SHARP, JJ., concur.

. The record does not contain a transcript of this hearing.

. There is no indication in the record that the clerk entered such a default.